1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF WASHINGTON

9

STACY LEE HOFFMAN,                    )
                                      ) No. CV-10-0396-CI
10           Plaintiff,               )
                                      ) ORDER DENYING PLAINTIFF'S
11 v.                                 ) MOTION FOR SUMMARY JUDGMENT
                                      ) AND GRANTING DEFENDANT'S
12 MICHAEL J. ASTRUE,                 ) MOTION FOR SUMMARY JUDGMENT
   Commissioner of Social             )
13 Security,                          )
                                      )
14           Defendant.               )
                                      )
15 _____)

16      BEFORE THE COURT are cross-Motions for Summary Judgment.  (ECF

17 No.  12, 14.)  Attorney Lora Lee Stover represents Plaintiff Stacy

18 Hoffman; Special Assistant United States Attorney Jessica Milano

19 represents Defendant.  The parties have consented to proceed before

20 a magistrate judge.  (ECF No. 6.) After reviewing the administrative

21 record and the briefs filed by the parties, the court **DENIES**

22 Plaintiff's Motion for Summary Judgment and directs entry of

23 judgment for the Defendant.

24      Plaintiff protectively filed for Supplemental Security Income

25 (SSI) in April 2007. (Tr. 163.)  She alleged disability due to post-

26 traumatic stress disorder (PTSD), depression, anxiety, back and knee

27 pain, fibromyalgia, and arthritis in her neck with an alleged onset

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

1  date of January 10, 2007. (Tr. 163, 168, 200.) Following a denial

2  of benefits at the initial stage and on reconsideration, a hearing

3  was held before Administrative Law Judge (ALJ) R. S. Chester on

4  March 3, 2009. (Tr. 38-75.) Plaintiff, who was represented by

5  counsel, and vocational expert Sharon Welter testified. On March

6  18, 2009, ALJ Chester denied benefits; review was denied by the

7  Appeals Council on September 18, 2010. (Tr. 1-5, 17-37.) This

8  appeal followed. Jurisdiction is appropriate pursuant to 42 U.S.C.

9  § 405(g).

10                          **STANDARD OF REVIEW**

11      In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

12  court set out the standard of review:

13          A district court's order upholding the Commissioner's
       denial of benefits is reviewed *de novo*. *Harman v. Apfel*,
14     211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the
       Commissioner may be reversed only if it is not supported
15     by substantial evidence or if it is based on legal error.
       *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
16     Substantial evidence is defined as being more than a mere
       scintilla, but less than a preponderance. *Id.* at 1098.
17     Put another way, substantial evidence is such relevant
       evidence as a reasonable mind might accept as adequate to
18     support a conclusion. *Richardson v. Perales*, 402 U.S.
       389, 401 (1971). If the evidence is susceptible to more
19     than one rational interpretation, the court may not
       substitute its judgment for that of the Commissioner.
20     *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of
       Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

21

22          The ALJ is responsible for determining credibility,
       resolving conflicts in medical testimony, and resolving
23     ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
       Cir. 1995). The ALJ's determinations of law are reviewed
24     *de novo*, although deference is owed to a reasonable
       construction of the applicable statutes. *McNatt v. Apfel*,
25     201 F.3d 1084, 1087 (9th Cir. 2000).

26      It is the role of the trier of fact, not this court, to resolve

27  conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### SEQUENTIAL EVALUATION

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). If a claimant establishes she cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. 20 C.F.R. §§

1  404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496,

2  1497-98 (9th Cir. 1984).  If a claimant cannot perform other work in

3  the national economy, he is disabled and eligible for benefits.  20

4  C.F.R. §§ 404.1520(g), 416.920(g).

5                          **STATEMENT OF FACTS**

6       Plaintiff was 48 years old at the time of the hearing.  She had

7  completed high school and four year of college, during which she

8  earned a degree in fashion merchandising. (Tr. 212, 44-45.)

9  Plaintiff was divorced, lived alone in subsidized housing, and had

10 three children who did not live with her.  (Tr. 43-44.)  She

11 reported her former spouse, who had custody of their children, died

12 about a month before the hearing.  She indicated the children would

13 not be residing with her.  (Tr. 54, 61.)  Plaintiff has past work

14 experience as a teacher, a cashier, and a retail sales clerk. (Tr.

15 70, 169.)  She testified she could not hold a job due to anxiety and

16 back and neck pain.  (Tr. 48-49, 52.)  However, she reported she was

17 attending counseling almost daily and her neck and back pain

18 decreased with physical therapy exercises.  (Tr. 54.)  Plaintiff

19 testified she had a history of drug abuse, including abuse/misuse of

20 her prescription drugs. (Tr. 55-56.)

21                        **ADMINISTRATIVE DECISION**

22      At step one, the ALJ found Plaintiff had not engaged in

23 substantial gainful activity since the SSI application date.  (Tr.

24 22.)  At step two, he found Plaintiff had the severe impairments of

25 major depressive disorder, post-traumatic stress disorder (PTSD),

26 alcohol dependence "in apparent remission," and prescription

27 medication abuse "in apparent remission."  (Tr. 22.)  He found

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

Plaintiff's neck and low back pain caused no more that a minimal limitation on her ability to work and were not severe impairments. (Tr. 31.)  At step three, he found Plaintiff's impairments alone or in combination equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings).  At step four, he determined Plaintiff had the residual functional capacity (RFC) to perform a full range of work at all exertional levels, but was limited to simple one to three step tasks or well-learned tasks, should work away from the general public, and was unable to engage in production-type work.  (Tr. 32.)  He found Plaintiff's subjective complaints of disabling symptoms were not credible.  (Tr. 33-34.) Considering vocational expert testimony, the ALJ found Plaintiff could not perform her past relevant work as a sales associate or cashier.  (Tr. 35, 169.)  Proceeding to step five, the ALJ found there were other jobs in the national economy Plaintiff could perform, such as kitchen helper, store laborer, and cooks helper. (Tr. 36.)  He concluded Plaintiff had not been disabled since the date the SSI application was filed and, thus, was not entitled to benefits under the Social Security Act. (*Id.*)

## ISSUES

The question presented is whether there is substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards.  Plaintiff contends the ALJ erred when: (1) he found Plaintiff's complaints were not fully credible; (2) he found no physical impairments at step two; and (3) he failed to give proper weight to examining and non-examining medical opinions in assessing her RFC.  (ECF No. 13.)

1  Defendant argues the ALJ's decision is supported by substantial
2  evidence and free of legal error. (ECF No. 15.)

3                              **DISCUSSION**

4  **A.   Credibility**

5       Plaintiff argues that the ALJ ignored medical evidence from Dr.
6  Bailey, Dr. Chupurdia, and Northwest Behavioral Health Clinic in
7  evaluating her credibility.  She contends her self-reported symptoms
8  are not "compatible with an ability to sustain work," and, if
9  properly credited, her testimony and the opinions of her medical
10 providers would support a finding of disability.  (ECF No. 13 at
11 14.)

12      The record shows the ALJ accurately summarized Plaintiff's
13 testimony and specifically rejected allegations that were
14 inconsistent with Plaintiff's own statements in the record,
15 inconsistent with reports from treatment providers, and/or
16 unsupported by medical evidence.  (Tr. 33-34.)

17      As noted by the Ninth Circuit,

18      An ALJ cannot be required to believe every allegation of
        disabling pain, or else disability benefits would be
19      available for the asking, a result plainly contrary to 42
        U.S.C. § 423 (d)(5)(A). . . . This holds true even where
20      the claimant introduces medical evidence showing that he
        has an ailment reasonably expected to produce some pain;
21      many medical conditions produce pain not severe enough to
        preclude gainful employment.
22

23 *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).  Regarding
24 Plaintiff's assertion that her self-reported symptoms preclude work,
25 the Regulations are clear that a claimant's symptom complaints alone
26 are insufficient to support a finding of disability.  *See* 42 U.S.C.
27 § 423(d)(5)(A).  First, there must be objective medical evidence to
28

establish a disabling impairment. Second, once a medically determinable impairment is established that can be expected reasonably to cause alleged symptoms, the ALJ must consider other factors to determine whether a claimant's self-report is reliable. *Cotton v. Bowen*, 799 F.2d 1403, 1405 (9th Cir. 1986) (two step analysis involved in assessing claimant credibility); *Social Security Ruling* (*SSR*) 96-7p (determination of credibility requires consideration of entire record).

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d, 595, 599 (9th Cir. 1999) (*quoting Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). If there is no affirmative evidence of malingering, the reasons must be "clear and convincing." *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995).

In weighing the reliability of Plaintiff's self-reported limitations, the ALJ properly considered the medical evidence as well as other relevant factors, such as inconsistencies in her allegations of limitations throughout the record; inconsistencies between her statements and conduct; her daily activities; and observations of physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Fair*, 885 F.2d 597 at n.5; *SSR* 96-7p. He also noted Plaintiff's lack of candor about her abuse of prescription drugs and reports of drug-seeking behavior. *See Verduzco v. Apfel,* 188 F.3d 1087, 1090 (9th Cir. 1999)(claimant's inconsistent statements about alcohol abuse sufficient to discount

credibility).

For example, citing to specific evidence in the record, the ALJ found the medical evidence contradicted Plaintiff's reports of debilitating pain and limitations. (Tr. 26-30.) He noted observations by the physical therapist that Plaintiff's pain complaints were inconsistent with exam observations, that her back and neck problems improved with treatment even though her attendance was inconsistent, and she reported disproportionate pain complaints. (Tr. 29, 523.) In addition, he noted inconsistences in Plaintiff's reports to providers regarding drug use; reports of possible drug seeking behavior; psychological test results indicating Plaintiff's concentration and memory were within normal limits; objective test indicators of over-reporting and exaggeration of symptoms; and treatment providers' observations that when Plaintiff was compliant with her medication regime and not overusing, she exhibited and self-reported decreased symptoms of anxiety and PTSD. (Tr. 33-34, 274, 309, 433-34, 443, 492, 562, 586, 605-06, 643, 647, 648, 656, 675.)

The ALJ also referenced non-medical evidence to discount Plaintiff's credibility. Specifically, he referenced Plaintiff's inconsistent statements regarding why she had quit her job; when her ex-husband died; and why she had lost custody of her children. (Tr. 34, 433, 646.) He found Plaintiff is highly educated, is able to perform all activities of daily living, use public transportation, attend daily social meetings and appointments, and visit with her children. He reasonably concluded this evidence is inconsistent with Plaintiff's allegations of disabling anxiety and pain. (Tr.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

433, 646, 448, 558.)  *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001)(inconsistent statements, evidence of exaggeration in testing, lack of cooperation during psychological evaluation support credibility findings); *see also Warre v. Commissioner of Social Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (impairment that is controlled effectively with treatment is not disabling); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002)(inconsistent reports of drug use erodes credibility).  Where, as here, the ALJ's credibility findings are specific, "clear and convincing," and supported by substantial evidence, they are conclusive and will not be disturbed. *Sprague,* 812 F.2d at 1229-1230.

**B.   Step Two**

Plaintiff argues the ALJ improperly evaluated medical evidence, which she contends establishes severe physical impairments of neck and back pain and migraine headaches.  (ECF No. 13 at 10-11.) Although the record includes medical assessments of neck and back pain and headaches, the fact that a medically determinable condition exists does not automatically mean the impairment is "severe," or "disabling" as defined by the Social Security regulations.  *See, e.g., Edlund*, 253 F.3d at 1159-60; *Fair*, 885 F.2d at 603; *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985).  A severe impairment must significantly limit a claimant's ability to do "basic work activities" and must have lasted or be expected to last for a continuous period of at least twelve months.  20 C.F.R. § 416.920(a)(ii), .909.  Plaintiff points to no evidence to support her conclusory statement that her physical impairments "cause more

than a minimal impact on her ability to function."[1] (ECF No. 13 at 11.)

The ALJ's finding that medical evidence does not establish back and neck pain as severe impairments is supported by the medical evidence, which was thoroughly summarized by the ALJ. (Tr. 22-31.) For example, the ALJ found medical evidence mentioned migraine headaches in 2006 to 2007, while Plaintiff was working. (Tr. 24-25.) Thus, the record establishes Plaintiff's headaches did not cause more than a minimal effect on her ability to work and cannot be considered "severe" for purposes of these proceedings. 20 C.F.R. § 416.920(c). Further, clinic notes and emergency room records show Plaintiff responded well to medication when she sought treatment. (Tr. 217, 225-26, 280.) Plaintiff provides no evidence that reported headaches significantly restricted her ability to do work

---

[1] Post decision evidence submitted to the Appeals Council by Plaintiff's representative was reviewed by the court. *See* Tr. 715-19.) However, records regarding Plaintiff's condition after March 13, 2009, (the date of the ALJ's decision), are not relevant to these proceedings. *See* 20 C.F.R. S 404.970; *Bates v. Sullivan*, 894 F.2d 1059, 1064 (9th Cir. 1990), *overruled on other grounds*, *Bunnell v. Sullivan*, 947 F.2d 341, 342 (9th Cir. 1991). Even assuming evidence submitted after the ALJ's decision were relevant, the records do not contain opinions of acceptable medical sources and appear to be based on Plaintiff's self-report only. (Tr. 715-34.) As such, they do not establish a medically determinable severe impairment. *See* 20 C.F.R. § 416.927(a)(1). The new evidence may be submitted with a new application for benefits.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

1  activities.

2      The ALJ also referenced reports of back pain related to a fall
3  for which Plaintiff was treated conservatively with physical therapy
4  and home exercises between December 2007 and April 2008. (Tr. 28-
5  29, 273, 523-42.) In April 2008, her physical therapist reported
6  poor attendance, inconsistent follow-up exercises, and a consistent
7  pain level of 2/10, which contradicts Plaintiff's allegations of
8  severity. (Tr. 523.) *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th
9  Cir. 2007)(evidence of conservative treatment and failure to follow
10 treatment recommendations supports rejection of claimant's
11 allegations of severity). In addition, the ALJ specifically found
12 emergency room reports discuss Plaintiff's inconsistent reports of
13 back and neck pain in the context of suspected drug-seeking
14 behavior. (Tr. 30, 273, 488.) He also noted clinic notes from the
15 Doctor's Clinic in June 2008 indicating Plaintiff made inconsistent
16 statements regarding neck pain. Her examination revealed a supple
17 neck and no pain behavior. (Tr. 30, 643.)

18     Significantly, for purposes of the step two burden, the ALJ
19 found the medical record includes neither x-rays nor neurological
20 examination findings to establish a severe physical impairment (*i.e.*
21 more than a minimal effect on her ability to perform work
22 activities). *SSR* 85-28 (medical evidence must establish inability
23 to perform basic work activities); *see, e.g.*, Tr. 272, 594 (imaging
24 showing no bony injury, no abnormality of lumbar spine, mild
25 arthritis of cervical spine). While x-rays may have shown
26 abnormalities resulting from Plaintiff's fall, the ALJ correctly
27 found medical providers recommended only conservative treatment and

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

1  did not refer her for more extensive imaging. (Tr. 31.) As noted
2  by the reviewing physician in September 2007, it appeared
3  Plaintiff's back problems would not persist for twelve months from
4  the alleged onset date. (Tr. 418.) Thus, it would not meet the
5  severity duration requirement. 20 C.F.R. § 416.908. Although
6  Plaintiff testified she could only lift 20 pounds and had problems
7  bending, the ALJ properly found her statements were less than
8  credible and reasonably discounted her self-reported physical
9  limitations. (Tr. 31; *see, e.g.,* Tr. 643.) *See Webb v. Barnhart*,
10 433 F.3d 683, 688 (2005)(credibility properly considered in step two
11 evaluation of medical evidence). The ALJ's finding that back and
12 neck pain are not severe impairments is supported by substantial
13 evidence and a reasonable interpretation the evidence in its
14 entirety.

15 **C.   RFC Determination**

16      The RFC determination represents the most a claimant can do
17 despite her physical and/or mental limitations. 20 C.F.R.
18 § 416.945(a)(1) The RFC assessment is not a "medical issue" under
19 the Regulations; it must include all limitations supported by
20 substantial evidence that is "not depend[ent] on Plaintiff's
21 subjective complaints." 20 C.F.R. § 416.94; *Bayliss v Barnhart*, 427
22 F.3d 1211, 1217 (9th Cir. 2005); *SSR* 96-5p. The final determination
23 regarding a claimant's ability to perform basic work is the sole
24 responsibility of the Commissioner. 20 C.F.R. § 416.946(c); *SSR* 96-
25 5p.

26      Here, the ALJ found Plaintiff was restricted to work involving
27 only simple, one to three step or "well learned tasks," away from

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

the general public, and not involving "production-type work." (Tr. 32.)   In explaining his findings, he referenced longitudinal counseling notes, the narrative findings of Dr. Scott Mabee and his associate based on objective testing, and the opinions of agency psychologists that support this RFC. (Tr. 24-25, 27-28, 29-31.)

In 2008, Dr. Mabee's associate administered objective testing, some that indicated questionable validity in results assessing emotional functioning. Because Plaintiff did not complain of problems with concentration or memory, it was presumed she had average intelligence. Dr. Mabee affirmed a conclusion that Plaintiff was able to "understand and follow simple instructions"; her pace and persistence were considered "average," decreasing as the task became more demanding; and she would have difficulty interacting appropriately with others socially. (Tr. 29-30, 550, 552.) As noted by the ALJ, counseling notes indicate Plaintiff was functioning more appropriately after her medication was decreased and she was compliant with prescribed dosage. (Tr. 34.) In 2009, Dr. Mabee reported Trail-making tests were within normal limits or showed mild impairment, personality profiles were deemed invalid and test results showed exaggeration or over-reporting. (Tr. 30, 696.) These medical records and inferences reasonably drawn from the ALJ's summary and findings support the non-exertional limitations in the ALJ's final RFC determination.

Plaintiff argues the ALJ failed to include all of her limitations at step four. (ECF No. 13 at 12.) As discussed above, after consideration of the entire record the ALJ properly found (1) medical evidence did not establish a severe physical impairment, and

1  (2) Plaintiff's symptom allegations were not credible.  Based on

2  these findings, the ALJ reasonably determined Plaintiff could

3  perform a complete range of exertional levels.  *Burch v. Barnhart*,

4  400 F.3d 676, 679 (9ᵗʰ Cir. 2005) (ALJ's rational interpretation of

5  the evidence upheld). (Tr. 36, 72.)  Plaintiff points to no

6  objective medical evidence proving her physical limitations affect

7  her ability to perform medium level work-related tasks required by

8  the jobs identified step five.[2]  Therefore, the ALJ did not err in

9  his physical RFC finding.  20 C.F.R. § 416.920(d); *SSR* 85-28.

10  Regarding mental impairments, Plaintiff argues the ALJ erred in

11  the weight given opinions of examining psychologist Kim Chupurdia,

12  Ph.D., and reviewing agency psychologist James Bailey, Ph.D.

13  Specifically, she claims moderate mental limitations assessed by

14  these doctors were ignored in the final RFC determination. (ECF No.

15  13 at 12.)

16  **1.  Dr. Chupurdia**

17  The ALJ gave no weight to Dr. Chupurdia's September 2007 report

18  after summarizing her evaluation in detail.  (Tr. 27-28, 34-35, 403-

19  406.)  He found Dr. Chupurdia did not review past records in her

20  evaluation, and her conclusion that Plaintiff was markedly impaired

21  in her functioning was poorly supported by the record.  (Tr. 34-35;

22  ─────────────────

23  [2]  Although Plaintiff appears to argue treating source opinions

24  regarding her physical impairments were not given proper weight, she

25  fails to identify a treating source who opined on her functional

26  abilities.  (ECF No. 13 at 11.)  As discussed above, *de novo* review

27  does not reveal severe physical limitations identified by either a

28  treating or non-treating source.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

405; *but see* Tr. 404 "Ms Hoffman can cook . . . does her own cleaning, grocery shopping, and self-care including handling her own money.") These are specific, legitimate reasons for rejecting Dr. Chupurdia's conclusory examining opinion based entirely on Plaintiff's discredited self-report. *Thomas*, 278 F.3d at 957; *see also Morgan*, 169 F.3d at 602 (treating source opinion based on claimant's subjective comments without independent analysis properly rejected). Because her opinions were properly rejected, the ALJ was not required to include them in the RFC determination.

### 2.  Dr. Bailey

Plaintiff's assertion that the ALJ ignored Dr. Bailey's analysis is without merit. (ECF No. 13 at 12.) Independent review shows Dr. Bailey, a non-examining psychologist, reviewed the entire record in September 2007, including Dr. Chupurdia's report. As discussed above, he concluded Plaintiff was not fully credible based, in part, on positive tests of use of unprescribed narcotic use. (Tr. 431.) Dr. Bailey also noted personality tests were "clearly invalid" and evidenced "fake bad." He opined Plaintiff's failure to answer basic geography questions in spite of having a college degree weighed against her credibility. (Tr. 431; *see also* counselor's notes that Plaintiff presented as bright and communicated well. (Tr. 448.) Further, the moderate functional limitations assessed by Dr. Bailey (and relied upon by Plaintiff in her argument) do not preclude work activities. (Tr. 407-09; ECF No. 13 at 12.) Dr. Bailey's conclusions regarding mental restrictions to Plaintiff's capacity to work are reflected fully in the ALJ's final RFC determination and support the ALJ's determination. (Tr.

32, 409.)  The ALJ's evaluation and weight given to Dr. Bailey's findings are supported by substantial evidence and without legal error.

**CONCLUSION**

The Commissioner's denial of benefits is supported by substantial evidence and free of legal error.  The ALJ gave legally sufficient reasons for discrediting Plaintiff's subjective complaints and for rejecting Dr. Chupurdia's opinions.  The final RFC determination is a rational interpretation of the entire record.  Accordingly,

**IT IS ORDERED:**

1.    Plaintiff's Motion for Summary Judgment **(ECF No. 12)** is **DENIED.**

2.    Defendant's Motion for Summary Judgment dismissal **(ECF No. 14)** is **GRANTED.**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  The file shall be **CLOSED** and judgment entered for **Defendant**.

DATED August 2, 2012.


_____S/ CYNTHIA IMBROGNO_____
UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 16